## GRIMES v. SIMPSON CENTENARY COLLEGE.

**1. Contract: PAROL MODIFICATION: PRINCIPAL AND AGENT.** Where a contract has been reduced to writing, a party thereto is not authorized to rely upon the statements of the agent of the other party to the contract, varying or modifying its terms.

*Appeal from Warren Circuit Court.*

THURSDAY, APRIL 18.

ACTION to recover upon a contract made by the defendant with one Reichard for the plaintiff's benefit. Reichard had entered into a contract to erect a college building for the defendant. After a part of the work had been performed, he became embarrassed. He was owing several laborers who had done work on the building, and was unable to pay them. The plaintiff was one of the laborers. Reichard owed him $165.50, the amount claimed in this action. To enable Reichard to go on with the work, the defendant assumed in writing the payment to the laborers of the sum of $1,572.59. The amount due each was not then ascertained. As soon as the respective amounts were ascertained, which appears to have been very soon after the execution of the contract above referred to, Reichard gave orders upon the defendant's treasurer to the laborers respectively for the respective amounts due them. He gave an order upon the defendant's treasurer to the plaintiff for the said sum of $165.50. The order was presented to the treasurer and was not paid. The treasurer, however, wrote upon it an acceptance, which is in these words: "I hereby accept the within order to be paid when J. Reichard finishes the work upon the Simpson Centenary College according to his contract." The plaintiff declined at first to receive the order with such acceptance indorsed thereon, and left it for a short time in the treasurer's hands. He declined upon the ground that the defendant had entered into an un-

Grimes v. Simpson Centenary College.

conditional agreement to pay the laborers at once the amount stipulated. He then went to one Griffith, who was acting as agent for the defendant, and asked him for an explanation. Upon this point his testimony is in these words: "I went to him (Griffith) for an explanation of this order. He told me that it was all right, that this was in order to give them time to the following spring, for if they paid these orders forthwith it would cripple them so that they would not be able to inclose their building during the winter, and it would be injured, and the object was to leave it until spring so as to help them out that winter; that that was the understanding and object of the indorsement on the back of the order. I told him if that was the case, and I knew that to be the case, I was willing to take the order and wait until May or June for the money." The plaintiff then took the order with the qualified acceptance upon it. Reichard failed to finish the work, and the defendant refuses to pay upon that ground, claiming that the original contract was modified or superseded by the order and acceptance, and that under the order and acceptance nothing is due the plaintiff.

The plaintiff claims that the original contract was not modified nor superseded by the order and acceptance; and he further claims that if such would be the legitimate effect, he was fraudulently induced to take the order with such acceptance upon it, and that he should not be bound thereby. There was a trial by jury, and verdict and judgment for the plaintiff.

Defendant appeals.

*Phillips, Goode & Phillips*, and *Henderson & Berry*, for appellant.

*J. S. Clark* and *Bryan & Seevers*, for appellee.

ADAMS, J.—The defendant asked the court to instruct the jury that if the order was drawn by Reichard upon the defend-

ant's treasurer for the money sued for, and the plaintiff
received the order with the indorsement shown
thereon, and has ever since held the same, he could
not recover until Reichard had completed the build-
ing under his contract with the defendant, as in the indorse-
ment upon such order provided. The court refused to so
instruct, and the refusal is assigned as error.

*1. CONTRACT: parol modification: principal and agent.*

Conceding that the original contract contained a promise
to pay the laborers unconditionally and immediately, no names
of payees nor sums as due to each being designated, it was
competent, of course, for the plaintiff to waive the benefit of
such promise in consideration of a promise to pay him
specifically a specified sum, even though the payment was
deferred and made conditional. As to whether the plaintiff
was wise in doing so is a matter with which we are not con-
cerned. We do not, indeed, understand the counsel for plaintiff
as strenuously insisting that the order and acceptance thereon
received and held by plaintiff would not express the contract
between the parties if such order and acceptance are in force.
But they seem to rely mainly upon showing that they are not
in force. They claim that the plaintiff was induced to receive
the order so accepted by the defendant's fraud. We come,
then, to consider whether the defendant was guilty of fraud.
The fraud, if any, was perpetrated by Griffith, and in the use
of the words which we have set out in the statement of facts
as testified to by Grimes. Griffith, it is claimed, put a false
and fraudulent construction upon the acceptance which had
been indorsed upon the order. The plaintiff claims that he
understood from what Griffith said that the money would be
payable in the spring. But it is impossible to suppose that
he was made to believe that the terms of the acceptance
made the money payable in the spring. He had full knowl-
edge of what the acceptance was, and he cannot be allowed
to say that he was led by Griffith to put a meaning upon the
words used, of which they are by no possibility susceptible.
The fact doubtless is that he relied upon what Griffith said as

an agreement outside of the acceptance.   His counsel speak
of him in their argument as "an humble stone mason, unac-
customed to interpreting written contracts, unfamiliar with
the rules and customs regulating commercial paper, and deal-
ing with a religious corporation represented by a man of
ability and experience."   If this is so, it is easy to believe
that he attached more importance to what Griffith said than
to the terms of the acceptance; but we are not allowed to
sustain him in such reliance, nor can we hold a promise,
unperformed, without something more, to be fraudulent.   We
think the instruction asked should have been given.

REVERSED.